UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 15CR1442-DHB |
| Plaintiff, | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| v. | |
| MICHAEL ALEXANDER HARTSELL, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on June 25, 2015 to determine whether defendant MICHAEL ALEXANDER HARTSELL ("Defendant") should be held in custody pending trial on the grounds that Defendant is a flight risk and a danger to the community. Assistant U.S. Attorneys Adriana Ahumada and Todd Robinson appeared on behalf of the United States. Attorney Matthew Fleming appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Criminal Indictment, and information contained within the Pretrial Services report, the Court concludes that the Government has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court hearings. However, the Court finds that the

Government has not established by clear and convincing evidence that if the Defendant was released from custody that he would be a danger to the safety of the community.

## I.
## FINDINGS OF FACT

**A.** **Nature and Circumstances of the Offense Charged [18 U.S.C. §3142(g)(1)]**

1. Defendant is charged in a Superseding Indictment with Conspiracy to Distribute Methamphetamine and Criminal Forfeiture [Title 21, U.S.C. §§841(a)(1), 846 and 853].

2. There does exist a rebuttable presumption that Defendant should be detained. This factor favors detention.

**B.** **Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]**

1. Although this factor is to be given the least weight, there is probable cause to believe Defendant committed the charged offense, as he has been indicted. It is alleged that the Defendant conspired with codefendants to distribute methamphetamine. This factor favors detention.

**C.** **History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]**

1. **Character:** As no specific character factors were presented in regard to Defendant's character, notwithstanding the Government's allegation that the Defendant is a danger to the community, which is discussed further below, this factor will be treated as neutral.

2. **Physical and Mental Condition:** Defendant is 58 years of age. His general health is good, although he was recently released from the hospital after undergoing surgical procedures to address injuries sustained by being bitten by a law enforcement canine at the time of his arrest. This factor weighs against detention.

3. **Family Ties:** Defendant has family members who reside in the Southern District of California. This factor weighs against detention.

4. **Employment:** Defendant states that he has been self-employed in real

estate; however his real estate license was revoked in 2009. Defendant also works as a handyman; however, it does not appear that Defendant has stable employment. This factor favors detention.

5. **Financial Resources:** Defendant does not have any significant assets or financial resources to protect. This factor favors detention.

6. **Length of Residence in the Community:** Defendant is a long-time resident of our community. This factor weighs against detention.

7. **Community Ties:** Defendant does not have substantial community ties. This factor favors detention.

8. **History Relating to Drug or Alcohol Abuse:** Defendant does have a prior history of drug abuse. This factor favors detention.

9. **Criminal History and Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release:** Defendant has a history of numerous warrants and probation revocations. It should further be noted that Defendant allegedly fled from agents when they were executing the underlying arrest warrant. The Defendant's effort to abscond resulted in the agents utilizing their canine to secure Defendant's apprehension. This factor favors detention.

10. **The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release:** Defendant is alleged to maintain associations with criminal street gangs and have a pattern of similar criminal conduct.

## II.

## REASONS FOR DETENTION

Based on the proffer made to the Court on June 25, 2015, the Government has satisfied its burden of demonstrating by a preponderance of the evidence that Defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings in this

3

case. However, the Court declines to find that the Government has established by clear and convincing evidence that Defendant is a danger to the community.

Although Defendant failed to comply with lawful orders at the time of his arrest, it is not alleged that Defendant has committed previous acts of violence. Furthermore, the Court believes that conditions of release could be ordered which would reasonably assure the safety of the community (i.e., home incarceration and GPS monitoring). Therefore, the Court declines to detain Defendant based on danger to the community. The specific reasons for detaining Defendant based on risk of flight are as follows:

1. There is probable cause to believe Defendant committed the offense charged in the Superseding Indictment.

2. Defendant faces a substantial period of time in custody if convicted. He therefore has a strong incentive to flee.

3. Defendant has an extensive criminal record, including a recent charge of bringing controlled substance into prison.

4. Defendant has failed to appear/comply with conditions of release/probation. Defendant tried to flee from agents at the time of his arrest.

5. Defendant has does not have stable employment.

6. Defendant does not have substantial resources or assets to protect.

7. Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for

4

1  confinement in a corrections facility separate, to the extent practicable, from persons
2  awaiting or serving sentences or being held in custody pending appeal.  Defendant
3  shall be afforded reasonable opportunity for private consultation with counsel.

4      While in custody, upon order of a court of the United States or upon the request
5  of an attorney for the United States, the person in charge of the correctional
6  facility shall deliver Defendant to the United States Marshal for the purpose of an
7  appearance in connection with a court proceeding or any other appearance stipulated
8  to by counsel for the defense and for the United States.

9      THIS ORDER IS ENTERED WITHOUT PREJUDICE.
10      IT IS SO ORDERED.

12      Dated:  July 1, 2015

14      Hon. David H. Bartick
15      United States Magistrate Judge