PROB 12C  
(06/17)

February 16, 2022  
pacts id: 1617071

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Michael Alexander Hartsell (English)  **Dkt. No.:** 15CR01442-005-JLS

**Reg. No.:** 50100-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Methamphetamine, a Class C felony.

**Date of Sentence:** May 20, 2016

**Sentence:** 77 months' custody; three years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Sentence Reduction**: On May 5, 2020-Order granting motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Previously imposed sentence of 77 months is reduced to Time Served, as of May 19, 2020. Term of supervised release remains unchanged.

**Modification:** On June 25, 2021, conditions were modified to include the enrollment and completion of a residential treatment program.

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** May 19, 2020

**Asst. U.S. Atty.:** Luella M. Caldito   **Defense Counsel:** Keith H. Rutman  
(Appointed)  
619-237-9072

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---|
| Name of Offender: Michael Alexander Hartsell | February 16, 2022 |
| Docket No.: 15CR01442-005-JLS | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.<br><br>**(Standard Condition)**<br>Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | 1. On or about January 28, 2022, and February 3, 2022, Mr. Michael Alexander Hartsell used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on February 7, 2022.<br><br>2. On or about October 25, 2021, and December 13, 2021, Mr. Michael Alexander Hartsell failed to comply with drug testing requirements as instructed by the probation office, in that he failed to submit a urine specimen at Mental Health Systems (MHS), as required. |

***Grounds for Revocation:*** As to Allegation 1, Mr. Hartsell reported to the Mental Health System (MHS) on January 21, 2022, and he submitted a urine specimen which screened positive for amphetamines. When informed of the positive screen on February 7, 2022, Mr. Hartsell admitted to the probation officer to using methamphetamine on January 28, 2022, with his last use occurring on February 3, 2022. Laboratory reports confirmed positive for amphetamine and d-methamphetamine.

As to Allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis form which confirms that on the above dates, Mr. Hartsell failed to submit urine samples, as required. On June 17, 2020, the probation officer reviewed written instructions for drug testing with Mr. Hartsell, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Hartsell was instructed to call the drug testing line after 8:15PM the day before each drug testing day to hear if he was to report for testing, and report for testing if instruction in the automated testing line. Testing days are Monday through Friday.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On May 5, 2020, Your Honor granted a motion to modify sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) wherein the previously imposed sentence of 77 months imprisonment was reduced to time served and, as of May 19, 2020, Mr. Hartsell's supervised release term of three years commenced. One month later in June 2020, Mr. Hartsell submitted a negative, but dilute urine specimen and in July 2020, he admitted to having regular unauthorized contact with Ms. Hull. He further admitted to using methamphetamine beginning in June 2020 to July 2020. He enrolled in outpatient drug treatment; however, in August 2020, he again admitted to methamphetamine use following a presumptive positive drug test. Despite his participation in outpatient substance abuse treatment, his drug use continued into October 2020 and his treatment regimen was increased to intensive outpatient treatment.

As noted in prior correspondence, Your Honor agreed to modify Mr. Hartsell's conditions to add residential drug treatment due to his relapse with methamphetamine from May 2021 through June 2021, and he noted he was using the substance every two to three days. It is noted that Mr. Hartsell enrolled in and completed the Fellowship Center residential drug treatment program on September 21. 2021. More recently, he submitted two dilute urine samples on October 14, 2021, and November 9, 2021, and he failed to submit specimens on October 25, 2021, and December 13, 2021, and he has admitted to continued drug use. Following his most recent use of methamphetamine, he initially disclaimed using the substance and ultimately admitted to using as he was sick and thought it would make him feel better. Based on the alleged non-compliance conduct noted above, Mr. Hartsell again succumbed to his addiction. As such, his time on supervision is characterized as poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hartsell is an unemployed male who resides with his mother in Vista, California. He has various medical conditions that have hindered him from obtaining and maintaining steady employment. He has provided a doctor's note indicating he has not been able to work; however, he shared that he is physically able to find work and requested enrollment into an outpatient program in order to do so.

Regarding his criminal history, information gleaned from the presentence report reflects that his convictions appear to be related to his drug use, specifically his methamphetamine addiction, all of which ultimately resulted in a Criminal History Category IV. It is noted that he has participated and completed the Residential Drug Abuse Program, (RDAP) followed by one year aftercare services while in BOP. He has previously participated in outpatient services as well as CRASH residential drug treatment program and then transitioned to Casa Blanca sober living housing. More recently, he completed the inpatient program at the Fellowship Center, and he insisted in enrolling into the outpatient program at McAlister.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

PROB12(C)
Name of Offender: Michael Alexander Hartsell                                February 16, 2022
Docket No.: 15CR01442-005-JLS                                                            Page 4

**USSG Provisions**: The allegations (failure to remain drug free and failure to comply with drug testing ) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

In view of Mr. Hartsell's continued use of methamphetamine, failure to comply with drug testing, and there is also substantial reason to believe he is continuing to abuse illicit substances, which makes him a danger to himself and a potential risk to the safety of the community. Therefore, a no-bail bench warrant is recommended to ensure his appearance before Your Honor.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Hartsell's first formal appearance for his alleged non-compliance before Your Honor. As previously noted, Mr. Hartsell was afforded multiple opportunities to address his addiction and he has failed to refrain from using controlled substances. It was hoped that he addressed and maintained his sobriety since his enrollment and successful completion of his inpatient drug treatment; however, he continues to breach the Court's trust. He has been enrolled in the highest frequency of drug testing with the probation office; however, he has not been deterred from his ongoing drug use. He has been offered probation's resources and the community resources, but he has been unsuccessful.

Since the defendant admitted to the alleged new drug use, he was given an option to partake in treatment to which he enrolled into outpatient treatment with McAlister Institute in Vista, California. The prior court notifications reflect that the probation office has continued to work with Mr. Hartsell, but it appears that he has again succumbed to his addiction. It is this officer's recommendation that Mr. Hartsell's term of supervised released be revoked, and he be sentenced to a period of six months (the low-end of the revocation range) in custody, followed by 18 months of supervised released under the previously imposed conditions with the added condition to enroll and successfully complete a residential drug treatment program. It is believed the recommended custodial

PROB12(C)

| | |
|---|---|
| Name of Offender: Michael Alexander Hartsell | February 16, 2022 |
| Docket No.: 15CR01442-005-JLS | Page 5 |

sentence is enough to promote future compliance and initiate a period of sobriety. It is also hoped that Mr. Hartsell avail himself to additional substance abuse and mental health services when he recommences supervision.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** **February 16, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

Reviewed and approved:

by  *(signature)*
Jason Le
U.S. Probation Officer
(619) 557-5759

*(signature)*
Ymelda E. Valenzuela
Supervisory U.S. Probation Officer

PROB12CW February 16, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Hartsell, Michael Alexander

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 15CR01442-005-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| failure to remain drug free | C |
| failure to comply with drug testing | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))　　　　　　　　　[　C　]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))　　　　　　　　　　　　[　IV　]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))　　　　　　　[　6 to 12 months　]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

　　　　Restitution ($) _____　　Community Confinement _____
　　　　Fine ($) _____　　Home Detention _____
　　　　Other _____　　Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Michael Alexander Hartsell | February 16, 2022 |
| Docket No.: 15CR01442-005-JLS | Page 7 |

**THE COURT ORDERS:**

__X__    AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____    DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____    Other _____

_/s/ Janis L. Sammartino_                                                                 02/17/2022
The Honorable Janis L. Sammartino                                           Date
U.S. District Judge

AH