PROB 12C  
(06/17)

October 6, 2022  
pacts id:  1617071

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Michael Alexander Hartsell (English)     **Dkt. No.:** 15CR01442-005-JLS

**Reg. No.:** 50100-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Methamphetamine, a Class C felony.

**Date of Revocation Sentence:** July 15, 2022

**Sentence:** Time Served; 18 months' supervised release. It is noted the Abstract of Order filed on July 15, 2022, reveals the Court ordered Mr. Hartsell to be released from custody on Monday, July 18, 2022, for transport to the Fellowship Center. *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** July 18, 2022

**Asst. U.S. Atty.:** Luella M. Caldito     **Defense Counsel:**  Keith H. Rutman  
(Appointed)  
619-237-9072

**Prior Violation History:** Yes.  See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

Name of Offender: Michael Alexander Hartsell  October 6, 2022
Docket No.: 15CR01442-005-JLS  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about August 3, 2022, Mr. Michael Alexander Hartsell used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on September 2, 2022.<br><br>2. Mr. Hartsell failed to comply with drug testing, in that he submitted a compromised sweat patch applied on August 6, 2022. |
| **(Standard Condition)**<br>Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | |

***Grounds for Revocation:*** As to Allegation 1, I have received and reviewed the Clinical Reference Laboratory (CRL) test results, which confirms the PharmChek sweat patch applied to Mr. Hartsell on the above date confirmed positive for amphetamine, methamphetamine, and opiates. When informed of the positive results on September 2, 2022, Mr. Hartsell admitted to the probation officer to using methamphetamine on August 3, 2022. He provided the undersigned with pictures of his old prescription bottle and a prescription note from late 2020 and early 2021.

As to Allegation 2, on August 11, 2022, the undersigned met Mr. Hartsell at the Fellowship Center for removal of the sweat patch; however, the sweat patch appeared to have been compromised. The laboratory results were still able to confirm positive for amphetamine, methamphetamine, and opiates. I have received and reviewed the Notice of Sweat Patch Testing form, wherein Mr. Hartsell acknowledged with his signature that it was his responsibility to immediately notify the undersigned if the sweat patch appears to be coming off or becomes damaged. He failed to contact his officer.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On May 5, 2020, Your Honor granted a motion to modify sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i) wherein the previously imposed sentence of 77 months imprisonment was reduced to time served and, as of May 19, 2020, Mr. Hartsell's first supervised release term of three years commenced. One month later in June 2020, Mr. Hartsell submitted a negative, but dilute urine specimen and in July 2020, he admitted to having regular unauthorized contact with Ms. Hull. He further admitted to using methamphetamine beginning in June 2020 to July 2020. He enrolled in outpatient drug treatment; however, in August 2020, he again admitted to methamphetamine use following a presumptive positive drug test. Despite his participation in outpatient substance abuse treatment, his drug use continued into October 2020 and his treatment regimen was increased to intensive outpatient treatment.

Your Honor agreed to modify Mr. Hartsell's conditions to add residential drug treatment due to his relapse with methamphetamine from May 2021 through June 2021, and he noted he was using the substance every two to three days. Mr. Hartsell enrolled in and completed the Fellowship Center residential drug treatment program on September 21. 2021. He submitted two dilute urine samples on following his completion of residential drug treatment and he failed to submit specimens as directed and he admitted to continued drug use. Following his most recent use of methamphetamine, he initially disclaimed using the substance and ultimately admitted to using as he was sick and thought it would make him feel better.

His first term of supervised release was revoked, and he was sanctioned to time served (41 days), with 18 months' supervised release to follow. He was released from custody and reported the Fellowship Center residential drug treatment program on July 19, 2022; however, he tested positive for COVID-19. Subsequently, this officer had a difficult time communicating with Mr. Hartsell but, with the help of his attorney, Mr. Rutman, Mr. Hartsell re-established communication with the undersigned.

Since Mr. Hartsell was not feeling well and because he previously reported using illicit substances to make himself feel better, this officer applied a sweat patch to Mr. Hartsell. Before removing the sweat patch, this officer observed what appeared to be a tampered sweat patch. One side of the patch was compromised and appeared to be lifted; however, the sweat patch still appeared to be attached to the bonding agent. After the results returned positive for his alleged violations, he admitted to methamphetamine use and taking prescribed Percocet. He noted that when he was released from custody, he was positive for COVID-19 and upon his arrival at home, he used methamphetamines and Percocet because he was lonely and depressed. He provided this officer with a dated prescription from November 2020 and January 2021 indicating he had left over medications from the old prescriptions. He signed the admission form and ensured the undersigned that he has put that old lifestyle behind him. Based on the alleged non-compliance conduct noted above stemming from Mr. Hartsell's addiction to controlled substance, his adjustment to supervision is deem extremely poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Hartsell is an unemployed male who resided alone in Vista, California, upon his release from custody. He has various medical conditions that have hindered him from obtaining and maintaining steady employment. He has provided a doctor's note indicating he has not been able to work; however, he shared that he is physically able to find work.

Regarding his criminal history, information gleaned from the presentence report reflects that his convictions appear to be related to his drug use, specifically his methamphetamine addiction, all of which ultimately resulted in a Criminal History Category IV. It is noted that he has participated and completed the Residential Drug Abuse Program, (RDAP) followed by one year aftercare services while in BOP. He has previously participated in outpatient services as well as CRASH residential drug treatment program and then transitioned to Casa Blanca sober living housing.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by refusing to comply with drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(3), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to remain drug free and failure to comply with drug testing by submitting a compromised sweat patch) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

Case 3:15-cr-01442-JLS   Document 687   Filed 10/06/22   PageID.2819   Page 5 of 7

PROB12(C)

| | |
|---|---|
| Name of Offender: Michael Alexander Hartsell | October 6, 2022 |
| Docket No.: 15CR01442-005-JLS | Page 5 |

## JUSTIFICATION FOR BENCH WARRANT

Mr. Hartsell continues to use methamphetamine and failed to comply with drug testing by submitting a compromised sweat patch. His ongoing use makes him a danger to himself and a potential risk to the safety of the community. Therefore, a no-bail bench warrant is recommended to ensure his appearance before Your Honor.

## RECOMMENDATION/JUSTIFICATION

This is Mr. Hartsell's second appearance before Your Honor for his ongoing drug use and for compromising his sweat patch. During the last court hearing, it was noted that Mr. Hartsell was afforded multiple opportunities to address his addiction and yet he failed to refrain from using controlled substances. Upon his release from custody, it was hoped that he would immediately enter and address his addiction at the residential program; however, he tested positive for COVID-19. He is currently enrolled at the Fellowship Center and promised to remain drug free during and upon his successful completion of his inpatient drug treatment. He breached the Court's trust after being granted a time served sanction. Moreover, since his sweat patch was compromised and he failed to notify the undersigned of any issues with the sweat patch, he is subject to mandatory revocation based on his refusal to comply with drug testing. The Court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(3), and USSG §7B1.4, p.s., comment. (n.5).

It is this officer's recommendation that Mr. Hartsell's term of supervised released be revoked, and he be sentenced to a period of nine months (the middle of the revocation range) in custody, followed by 18 months of supervised released under the previously imposed conditions with the added condition to enroll and successfully complete a residential drug treatment program. It is believed the recommended custodial sentence is enough to promote future compliance and initiate a period of sobriety. It is also hoped that Mr. Hartsell avail himself to additional substance abuse and mental health services when he recommences supervision.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: October 6, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Jason Le
U.S. Probation Officer
(619) 557-5759

Reviewed and approved:

_____
Ymelda E. Valenzuela
Supervisory U.S. Probation Officer

PROB12CW                                                                                              October 6, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Hartsell, Michael Alexander

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  15CR01442-005-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | failure to remain drug free | C |
   | failure to comply with drug testing by submitting a compromised sweat patch | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                                   [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                          [   IV   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                           [   6 to 12 months   ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Michael Alexander Hartsell | October 6, 2022 |
| Docket No.: 15CR01442-005-JLS | Page 7 |

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_/s/ Janis L. Sammartino_   10/06/2022
The Honorable Janis L. Sammartino   Date
U.S. District Judge

AH